IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WAVETRONIX LLC, an Idaho limited liability company, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) ) |
| v. | ) **COMPLAINT FOR** ) **PATENT INFRINGEMENT** |
| SMART MICROWAVE SENSORS GMBH a/k/a S.M.S SMART MICROWAVE SENSORS GMBH (dba SMARTMICRO), a German corporation; and PATH MASTER, INC., an Ohio corporation, | ) ) ) ) ) ) ) |
| Defendants. | |

Plaintiff Wavetronix LLC complains and alleges against Defendants as follows:

## THE PARTIES

1. Plaintiff Wavetronix LLC (hereinafter "Wavetronix" or "Plaintiff") is an Idaho limited liability company with a principal place of business at 78 East 1700 South, Provo, Utah 84606.

2. On information and belief, Defendant Smart Microwave Sensors GmbH a/k/a S.M.S, Smart Microwave Sensors GmbH (hereinafter "Smartmicro") is a German corporation with a principal place of business at In den Waashainen 1, D-38108 Braunschweig, Niedersachsen, Germany.

3. On information and belief, Defendant Path Master, Inc. (hereinafter "Path Master") is an Ohio corporation with a principal place of business at 1960 Midway Drive, Twinsburg, Ohio 44087. On information and belief, Path Master is registered to do business in

Pennsylvania, with a registered office address at 979 Route 917, Bentleyville, Washington County, Pennsylvania 15314.

## NATURE OF THE CLAIMS

4. This is an action to recover damages for and to prevent patent infringement associated with the use of Smartmicro's "Advance Detection Plus" product (UMRR-0Axxxx-20xxxx (type 32) (with integrated Event Trigger Module)) and Smartmicro's "Stop Bar & Advance Detection" (UMRR-0Axxxx-1Dxxxx (type 29) (with integrated Event Trigger Module)) product (the "Accused Products").

## SUBJECT MATTER JURISDICTION

5. This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

6. This Court has subject matter jurisdiction over Wavetronix' claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## BACKGROUND

7. Wavetronix is a world leader in intelligent transportation systems, including advanced radar sensors, power and communication solutions and data management appliances. Among other things, Wavetronix sells advanced solutions for monitoring traffic and controlling traffic signals at intersections when motorists are faced with the dilemma of deciding whether to stop for a yellow light or to accelerate through the intersection. Failure to properly monitor and control traffic signals based on traffic patterns can result in rear-end collisions, intra-intersection collisions, as well as other hazardous conditions. The zone in which motorists are faced with the dilemma of whether to stop or accelerate is sometimes referred to as a "dilemma zone."

8. Wavetronix is the owner by assignment from the inventors of U.S. Patent No. 7,991,542 ("the '542 patent"), which issued on August 2, 2011. A true and correct copy of the

'542 patent is attached hereto as Exhibit A. The '542 patent claims methods related to monitoring of traffic flow involving vehicles in the dilemma zone.

9. Wavetronix currently sells and offers for sale its "SmartSensor Advance" and "SmartSensor Advance Extended Range" products, which carry out a method that is protected by the '542 patent.

10. Through distributors and otherwise, Smartmicro sells and offers to sell its Accused Products in the United States in competition with, *inter alia*, Wavetronix' "SmartSensor Advance" and "SmartSensor Advance Extended Range" products.

11. Smartmicro has appointed Path Master as its sales agent for its Traffic Radar products, including the Accused Products, within the Commonwealth of Pennsylvania and elsewhere. Path Master has agreed to serve as the sales agent for Smartmicro for those products in the Commonwealth of Pennsylvania, thereby establishing a channel for providing regular service and sales to customers and potential customers of those products in Pennsylvania.

12. Wavetronix has marked its "SmartSensor Advance" and "SmartSensor Advance Extended Range" products with the '542 patent number. Wavetronix has also posted on its website at http://www.wavetronix.com/en/legal/patents the fact that its "SmartSensor Advance" and "SmartSensor Advance Extended Range" products are protected by the '542 patent.

13. On information and belief, by virtue of Wavetronix' publication of the existence of the '542 patent or by other means, Smartmicro has knowledge of the '542 patent.

14. On information and belief, by virtue of Wavetronix' publication of the existence of the '542 patent or by other means, Path Master has knowledge of the '542 patent.

15. Smartmicro's Accused Products carry out a method that is covered by one or more claims of the '542 patent.

16. On information and belief, Smartmicro's Accused Products and/or functionality within those products have no substantial use other than to carry out a method that is covered by one or more claims of the '542 patent.

17. Smartmicro induces purchasers and/or other users of its Accused Products to use those products to carry out a method that is covered by one or more claims of the '542 patent.

18. Smartmicro does not have a license under the '542 patent.

19. Path Master does not have a license under the '542 patent.

## PERSONAL JURISDICTION AND VENUE

20. On information and belief, Path Master has continuous and systematic contacts with the Commonwealth of Pennsylvania. Path Master is registered to do business in Pennyslvania with a registered address within the Western District of Pennsylvania and is the sales agent for Smartmicro's Traffic Radar products in Pennsylvania.

21. Path Master has demonstrated Smartmicro's Accused Products within the Western District of Pennsylvania, thereby (1) using a method that is covered by one or more claims of the '542 patent within the Western District of Pennsylvania and (2) importing a product into the Western District of Pennsylvania that has no substantial use other than for carrying out a method covered by one or more claims of the '542 patent. Path Master, on its own behalf and on behalf of Smartmicro, has induced and encouraged traffic professionals to perform the methods claimed in the '542 patent in this judicial district by, *inter alia,* using and instructing others in the use of the Accused Products to perform the methods claimed in one or more of the claims of the '542 patent and bidding on at least one job in the Western District of Pennsylvania where the specification for the job requires features that when performed infringe one or more of the claims of the '542 patent.

4

22.  Path Master has won a bid to provide Smartmicro's Accused Products in Butler County, Pennsylvania within the Western District of Pennsylvania, thereby (1) selling and/or offering to sell a product that has no substantial use other than for carrying out a method covered by one or more claims of the '542 patent and (2) preparing to induce purchasers within the Western District of Pennsylvania to carry out a method that is covered by one or more claims of the '542 patent.  These actions by Path Master have resulted in and/or threaten imminent injury to Wavetronix and relate to, and in part give rise to, the claims asserted herein by Wavetronix.

23.  As noted above, Smartmicro has designated Path Master as its sales agent for its Traffic Radar products, including the Accused Products, within the Commonwealth of Pennsylvania, thereby establishing a channel for providing regular service and sales to customers and potential customers of those products in Pennsylvania.  In addition, Smartmicro has advertised its Accused Products within the Western District of Pennsylvania via its website at http://www.smartmicro.de.  Smartmicro has distributed its Accused Products to Path Master in the Western District of Pennsylvania with the intent for Path Master to operate and demonstrate operation of the Accused Products and has distributed and/or intends to distribute the Accused Products to Path Master in the Western District of Pennyslvania so that Path Master can supply the Accused Products to satisfy its winning bid in Butler County.  Path Master has used and instructed others in the use of Smartmicro's Accused Products in the Western District of Pennsylvania.  These actions by Smartmicro have resulted in and/or threaten imminent injury to Wavetronix and relate to, and in part give rise to, the claims asserted herein by Wavetronix.

24.  This Court has personal jurisdiction over Smartmicro pursuant to Fed.R.Civ.P. 4(k)(1)(A) and the Pennsylvania Long-Arm Statute, 42 Pa. Consol. Stat. Ann. § 5322.  This

Court's exercise of personal jurisdiction over Smartmicro is consistent with the Constitution of the United States.

25. This Court has personal jurisdiction over Path Master pursuant to Fed.R.Civ.P. 4(k)(1)(A) and the Pennsylvania Long-Arm Statute, 42 Pa. Consol. Stat. Ann. § 5322. This Court's exercise of personal jurisdiction over Path Master is consistent with the Constitution of the United States.

26. Pursuant to 28 U.S.C. §§ 1391(c)(2) and 1391(d), Smartmicro is deemed to reside in this judicial district for purposes of venue.

27. Pursuant to 28 U.S.C. §§ 1391(c)(2) and 1391(d), Path Master is deemed to reside in this judicial district for purposes of venue.

28. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(b).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### Direct Infringement of the '542 Patent by Smartmicro

29. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30. The Smartmicro Accused Products use a method that is covered by one or more claims of the '542 patent. The performance of the method is dictated by Smartmicro's design of its sensors and software and occurs automatically after the Accused Products are enabled / activated. by Smartmicro's device design and software. The Accused Products are currently in operation in the United States and Smartmicro seeks to have several more of its Accused Products placed into operation in the United States. As a result, pursuant to *SiRF Technology,*

*Inc. v. International Trade Commission*, 601 F.3d 1319, 1329-31 (Fed. Cir. 2010), Smartmicro has used a method covered by one or more claims of the '542 patent within the United States during the term of the '542 patent without authority to do so and will continue to do so unless enjoined. Therefore, Smartmicro has directly infringed the '542 patent under 35 U.S.C. § 271(a) and will continue to do so unless enjoined.

31. Wavetronix is suffering and will continue to suffer irreparable harm by reason of Smartmicro's direct infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

32. Wavetronix has also suffered damages by reasons of Smartmicro's direct infringement, and is entitled to damages in an amount to be established upon proper proof at trial.

## SECOND CLAIM FOR RELIEF

### Direct Infringement of the '542 Patent by Path Master

33. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Path Master has used Smartmicro's Accused Products in the Western District of Pennsylvania during the term of the patent without a license under the '524 patent so as to carry out a method covered by one or more claims of the '542 patent. As a result, Path Master has used a method covered by one or more claims of the '542 patent within the United States during the term of the '542 patent without authority to do so and will continue to do so unless enjoined. Path Master has thereby directly infringed the '542 patent under 35 U.S.C. § 271(a) and will continue to do so unless enjoined.

35. Wavetronix is suffering and will continue to suffer irreparable harm by reason of Path Master's infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

36. Wavetronix has also suffered damages by reasons of Path Master's infringement, and is entitled to damages in an amount to be established upon proper proof at trial.

### THIRD CLAIM FOR RELIEF

#### Contributory Infringement of the '542 Patent by Smartmicro

37. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38. On information and belief, Smartmicro's Accused Products and/or functionality within those products have no substantial use other than to carry out a method that is covered by one or more claims of the '542 patent. On information and belief, Smartmicro has knowledge of the '542 patent and has knowledge that the Accused Products and/or functionality within those products have no substantial use other than to carry out a method that is covered by one or more claims of the '542 patent. In the alternative, Smartmicro has such knowledge by virtue of its notice of this Complaint.

39. On information and belief, with that knowledge, Smartmicro has sold, offered for sale, and/or imported the Accused Products within the United States during the term of the '542 patent and plans to continue to sell, offer to sell, and/or import more of the Accused Products within the United States. The Accused Products are currently being used within the United States and/or will be used within the United States by purchasers and/or other users, resulting in direct infringement of the '542 patent. As a result, Smartmicro has contributorily infringed the '542 patent under 35 U.S.C. §271(c) and/or plans to do so unless enjoined.

40. Wavetronix is suffering and/or will suffer irreparable harm by reason of Smartmicro's infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

41. Wavetronix is also entitled to damages for Smartmicro's infringement, in an amount to be established upon proper proof at trial.

## FOURTH CLAIM FOR RELIEF

### Contributory Infringement of the '542 Patent by Path Master

42. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

43. On information and belief, Smartmicro's Accused Products and/or functionality within those products have no substantial use other than to carry out a method that is covered by one or more claims of the '542 patent. On information and belief, Path Master has knowledge of the '542 patent and has knowledge that the Accused Products and/or functionality within those products have no substantial use other than to carry out a method that is covered by one or more claims of the '542 patent. In the alternative, Path Master has such knowledge by virtue of its notice of this Complaint.

44. With that knowledge, Path Master has sold, offered for sale, and/or imported the Accused Products within the United States during the term of the '542 patent and plans to sell, offer to sell, and/or import the Accused Products within the United States. The Accused Products are currently being used within the United States and/or will be used within the United States, resulting in direct infringement of the '542 patent by purchasers and/or other users. As a result, Path Master has contributorily infringed the '542 patent under 35 U.S.C. §271(c) and/or plans to do so unless enjoined.

45. Wavetronix is suffering and/or will suffer irreparable harm by reason of Path Master's infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

46. Wavetronix is also entitled to damages for Path Master's infringement, in an amount to be established upon proper proof at trial.

## FIFTH CLAIM FOR RELIEF

### Inducement of the '542 Patent by Smartmicro

47. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

48. Smartmicro encourages and intends for purchasers and/or other users of the Accused Products to use those products to carry out methods covered by one or more claims of the '542 patent. Among other things, Smartmicro induces infringement of the '542 patent by providing purchasers and/or users with information and literature promoting features of the Accused Products that when used as promoted, infringe one or more claims of the '542 patent, and by encouraging its distributors like Path Master to do the same. On information and belief, Smartmicro has knowledge of the '542 patent and has knowledge that the method it encourages purchasers and/or other users to use is covered by one or more claims of the '542 patent. In the alternative, Smartmicro has such knowledge by virtue of its notice of this Complaint.

49. The Accused Products are currently being used within the United States by purchasers and/or other users in accordance with Smartmicro's encouragement to carry out a method that is covered by one or more claims of the '542 patent and/or will be used within the United States by purchasers and/or other users in accordance with Smartmicro's encouragement to carry out a method that is covered by one or more claims of the '542 patent, resulting in direct

infringement of the '542 patent. As a result, Smartmicro has actively induced infringement of the '542 patent under 35 U.S.C. § 271(b) and/or plans to do so unless enjoined.

50. Wavetronix is suffering and/or will suffer irreparable harm by reason of Smartmicro's infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

51. Wavetronix is also entitled to damages for Smartmicro's infringement, in an amount to be established upon proper proof at trial.

### SIXTH CLAIM FOR RELIEF

#### Inducement of the '542 Patent by Path Master

52. Wavetronix restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Path Master encourages and intends for purchasers and/or other users of the Accused Products to use those products to carry out a method that is covered by one or more claims of the '542 patent. Among other things, Path Master induces infringement of the '542 patent *inter alia,* by using and instructing others in the use of the Accused Products to perform the methods claimed in one or more of the claims of the '542 patent, by providing purchasers and/or users with information and literature promoting features of the Accused Products that when used as promoted, infringe one or more claims of the '542 patent, and by bidding on jobs where the specification for the job requires features that when performed infringe one or more of the claims of the '542 patent.

54. On information and belief, Path Master has knowledge of the '542 patent and has knowledge that the method it encourages purchasers and/or other users to use is covered by one

or more claims of the '542 patent. In the alternative, Path Master has such knowledge by virtue of its notice of this Complaint.

55. The Accused Products are currently being used within the United States by purchasers and/or other users in accordance with Path Master's encouragement to carry out a method that is covered by one or more claims of the '542 patent and/or will be used within the United States by purchasers and/or other users in accordance with Path Master's encouragement to carry out a method that is covered by one or more claims of the '542 patent, resulting in direct infringement of the '542 patent. As a result, Path Master has actively induced infringement of the '542 patent under 35 U.S.C. § 271(b) and/or plans to do so unless enjoined.

56. Wavetronix is suffering and/or will suffer irreparable harm by reason of Path Master's infringement, and is entitled to preliminary and permanent injunctive relief as set forth below.

57. Wavetronix is also entitled to damages for Path Master's infringement, in an amount to be established upon proper proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Wavetronix requests that the Court grant Wavetronix the following relief:

1. An order preliminarily enjoining Smartmicro and Path Master, their agents and servants, and any and all parties acting in active concert or participation with any of them, from future direct or indirect infringement of the '524 patent, pursuant to at least 35 U.S.C. § 283, during the pendency of this action;

2. A judgment finding Smartmicro and Path Master liable for infringement of the '524 patent and awarding damages for that infringement, in an amount to be proven at trial, pursuant to 35 U.S.C. § 284;

3. An order permanently enjoining Smartmicro and Path Master, their agents and servants, and any and all parties acting in concert with any of them, from future direct or indirect infringement of the '524 patent, pursuant to at least 35 U.S.C. § 283;

4. An order requiring Smartmicro and Path Master to destroy their entire stock of the Accused Products within the United States, pursuant to at least 35 U.S.C. § 283;

5. An award of pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

6. An award of costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

7. A determination that some or all of the damages awarded for past infringement should be trebled in view of willful infringement by Defendants, pursuant to at least 35 U.S.C. § 284;

8. A declaration that this is an exceptional case and an award of attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

9. An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

10. All other relief which this Court in its discretion deems just, proper, and equitable.

## JURY DEMAND

Wavetronix hereby demands a trial by jury on all issues so triable.

DATED this 20th day of May, 2013.

        BABST CALLAND

        By: /s/James V. Corbelli
        JAMES V. CORBELLI
        jcorbelli@babstcalland.com
        Two Gateway Tower 6th Floor
        Pittsburgh, PA 15222
        Telephone: (412) 394 5649

        BRENT P. LORIMER (Utah State Bar No. 3731)
        *blorimer@wnlaw.com*
        THOMAS R. VUKSINICK (Utah State Bar No. 3341)
        *tvuksinick@wnlaw.com*
        WORKMAN NYDEGGER, A PROFESSIONAL CORPORATION
        60 East South Temple, Suite 1000
        Salt Lake City, Utah 84111
        Telephone: (801) 533-9800

        Attorneys for Plaintiff
        WAVETRONIX LLC